**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

DANIEL W. HILL,

Plaintiff,

v.

Case No. 11-CV-13456
Honorable Denise Page Hood

GENERAL MOTORS LLC, ERICA WEBB,
GARY DUFF, and VINITA EVANS,

Defendants.

_______________________________________/

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

## I. INTRODUCTION

This action involves an allegation of discriminatory termination on the basis of race. Now before the Court is Defendants General Motors LLC, Erica Webb, Gary Duff, and Vinita Evans' Motion for Summary Judgment. For the reasons stated in more detail below, Defendants' Motion for Summary Judgment is GRANTED.

## II. BACKGROUND

Plaintiff Daniel Hill is a white male and former salaried supervisor at a General Motors owned metal fabrication facility in Flint, Michigan. On February 18, 2010, Eugene Evans, an African American male hourly employee, showed Erica Webb, an

African American female salaried employee, a message on his personal cell phone. Plaintiff managed Eugene Evans, who is an electricians. Eugene Evans asked Webb, "Is this what I think it is from Dan Hill?" Webb described the phone message as a black and white image depicting a bald and shirtless white male who was wearing shorts and boots "stomping" a black male who lay on the ground. The next slide of the message read "Happy Black History Month." Eugene Evans later described the message as "real grainy" and difficult to decipher what the message depicted. He testified that he asked Webb what the picture depicted and did not receive a response from her. After speaking with Eugune Evans, Webb looked for Plaintiff during a break. When she was unable to locate Plaintiff, she reported the incident to her supervisor Joe Kowalczyk. Kowalczyk advised Webb that he would speak to Plaintiff and Eugene Evans.

After speaking with Webb, Kowalczyk approached Eugene Evans when he was leaving for lunch. Kowalcyzk asked if Plaintiff had sent any messages to Eugene Evans and asked Eugene Evans to let Kowalcyzk know after lunch. After lunch, Eugene Evans informed Kowalcyzk that Plaintiff had sent him a message and that he was not offended by Plaintiff's message. He explained that he did not want to get Plaintiff in trouble for sending a message. Kowalcyzk did not ask to see the message. No one from General Motors took Eugene Evans' statement. At his deposition,

Eugene Evans later testified that a friend named George Price, and not Plaintiff, was the sender of the message. Eugene Evans indicated that he did not communicate with Plaintiff by text but instead by telephone call.

When confronted by Gary Duff, an executive manager at the Flint facility, and Vinita Evans, a human resources supervisor, Plaintiff denied sending the text message. Plaintiff showed Duff and Vinita Evans a black and white picture on Plaintiff's personal cell phone of a person kicking a dark object. Plaintiff explained that he regularly sent text messages to Eugene Evans, some including attachments. Plaintiff further testified that he sometimes sent Eugene Evans joke messages from Plaintiff's personal cell phone after work. Vinita Evans did not interview Eugene Evans or Webb.

Plaintiff's employment was terminated on February 28, 2010. Plaintiff appealed his termination and it was affirmed after an internal investigation. Plaintiff no longer has the phone with the picture message.[1]

Plaintiff filed this action in Genesee County Circuit Court on June 20, 2011, alleging reverse discrimination pursuant to the Michigan Elliot-Larsen Civil Rights

[1] Plaintiff alleges that, during the appeal investigation, Evans was interviewed and indicated that Plaintiff did not send him an inappropriate message. However, Plaintiff does not cite any portions of the record attesting to this fact.

Act, intentional infliction of emotional distress, and civil conspiracy. Plaintiff concedes in his response to Defendants' motion for summary judgment claim that his civil conspiracy claim is not viable. The Court grants Defendants' motion as to the civil conspiracy claim. At the hearing, Plaintiff withdrew his intentional infliction of emotional distress claim. The Court will now address the merits of Plaintiff's remaining reverse discrimination claim.

## III. ANALYSIS

### A. Standard of Review

Federal Rule of Civil Procedure 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The movant bears the burden of proving that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The court must consider all evidence in the light most favorable to the nonmoving party. *Sagan v. United States*, 342 F.3d 493, 497 (6th Cir. 2003). Summary judgment will "be granted against a party, who fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex*, 477 U.S. at 391. A material fact is genuine, and the case is not appropriate for summary judgment, if a reasonable jury could return a verdict for the nonmoving

party. *Anderson v. Liberty Lobby*, 477 U.S. 248 (1986).

**B. Michigan Elliot-Larsen Civil Rights Act**

Plaintiff's theory of recovery falls under the Michigan Elliot-Larsen Civil Rights Act (ELCRA), which parallels the framework for a discrimination claim under Title VII of the Civil Rights Act. *Martinez v. Cracker Barrel Old Country Store, Inc.*, 703 F.3d 911, 914 (6th Cir. 2013) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *Sutherland v. Mich. Dep't of Treasury*, 344 F.3d 603, 614 (6th Cir. 2003)). A plaintiff alleging discrimination under the ELCRA may travel one of two alternative paths when demonstrating racial discrimination: proof by direct evidence or by circumstantial evidence. *Id.* Direct evidence "requires the conclusion that unlawful discrimination was at least a motivating factor in the employer's actions." *Thompson v. City of Lansing*, 410 Fed. Appx. 922, 929 (6th Cir. 2011) (quoting *Wexler v. White's Fine Furniture, Inc.*, 317 F.3d 564, 570 (6th Cir. 2003)); *see also Umani v. Mich. Dept. of Corrections*, 432 Fed. Appx. 453, 458–59 (6th Cir. 2011) ("Direct evidence is composed of only the most blatant remarks, whose intent could mean nothing other than to discriminate on the basis of some impermissible factor. Isolated and ambiguous comments are insufficient to support a finding of direct discrimination.") (internal citations omitted).

Plaintiff argues that the weight Defendants gave to his statements is direct

evidence of racial discrimination. Specifically, Plaintiff contends that his statements, the statements of a white male, were not given the same weight as Webb's statements, the statements of an African American female. He argues that "Defendant Webb's unsubstantiated allegation was elevated to a statement of fact, . . . affording it credence", while his denial and statements by Eugene Evans, the alleged recipient of the text message, were not given the same credence. [Response to Motion for Summary Judgment, Docket No. 19, Pg ID 155]

The Court disagrees with Plaintiff's assessment of the facts. Essentially, Plaintiff argues that because the Defendants relied on the statements of an African American woman, which conflicted with his own, such action is tantamount to direct evidence of discrimination. Plaintiff does not present any evidence that even infers that General Motors terminated him on the basis of his race. Rather, he simply expresses his displeasure with not being believed over an African American woman. This fact alone is not direct evidence of discrimination. Plaintiff's employment was terminated not because he was white but because of his decision to engage in what Defendants determined was improper behavior. It was the act of sending what was deemed a racially charged picture to another employee that placed Plaintiff in the hot seat. His race was of no issue. These facts do not rise to the level of "blatant" discrimination and no reasonable jury would find that the evidence presented requires

a finding that Plaintiff's race was the motivating factor in his termination. The Court finds that Plaintiff has not demonstrated direct evidence of racial discrimination.

If direct evidence is unavailable, plaintiff must establish a prima facie case of racial discrimination by way of circumstantial evidence, applying the *McDonnell-Douglass* burden-shifting framework. A prima facie case of discrimination requires evidence that: (1) plaintiff belongs to a protected class; (2) plaintiff was subjected to an adverse employment action; (3) plaintiff was qualified for the job; and (4) plaintiff was treated differently from similarly situated employees.[2] *McDonnell Douglas*, 411 U.S. at 802; *Thompson*, 410 Fed. Appx.at 932; *Talley v. Bravo Pitinio Restaurant*, 61 F.3d 1241, 1246 (6th Cir. 1995). An employee identified as comparable must be similarly situated in "all of the relevant respects." *Ercegovich v. Goodyear Tire & Rubber Co.*, 154 F.3d 344, 352 (6th Cir. 1998). The failure to identify such a similarly situated employee who was treated more favorably than the plaintiff is fatal to a claim of racial discrimination under a disparate treatment theory. *Mitchell v. Toledo Hospital*, 946 F.2d 577, 583 (6th Cir. 1992). The similarly situated employee must have the same supervisor, be subject to the same standards, and engaged in conduct of comparable seriousness to the plaintiff. *Id.*

---

[2] Defendants concede for the purpose of summary judgment only that Plaintiff can satisfy the first three elements of a prima facie case of racial discrimination.

Plaintiff asserts that he was treated less favorably than Webb. However, the evidence does not indicate that Webb would qualify as similarly situated employee. There is no evidence that Webb engaged in similar misconduct, that she was subject to the same decision process, and received a more favorable outcome. It appears that Webb worked in a different department and under a different supervisor than Plaintiff. Plaintiff would like the Court to simply conclude that Webb is similarly situated because Defendants believed her statements over his own. However, the mere fact that Webb's statements were believed over Plaintiff's statements does not make Webb comparable. She must be comparable in all relevant areas and there is no evidence indicating that Webb is comparable to Plaintiff.

At the hearing, Plaintiff offered two other employees as comparables: Eugene Evans and Antoinette Fahey. However, Plaintiff provides no evidence that either of these employees were accused of misconduct, had the same supervisor, and had a more favorable decision resulting from a misconduct investigation. Plaintiff was Eugene Evan's supervisor and the recipient of the allegedly inappropriate text message. There is no evidence that Eugene Evan's receipt of the text message subjected him to a charge of misconduct. The Court cannot meaningfully infer that any of the employees that Plaintiff offered are similarly situated based upon a dearth of evidence. Plaintiff's inability to present a similarly situated employee necessarily

defeats his racial discrimination claim.

If Plaintiff were able to establish a prima facie case, the burden would then shift to Defendants to articulate some legitimate, nondiscriminatory reason for their decision to terminate Plaintiff's employment. *McDonnell Douglas*, 411 U.S. at 802–03. If Defendants provide a sufficient reason, the burden would shift back to Plaintiff to prove by a preponderance of the evidence that Defendants' legitimate reason amounted to nothing more than pretext for discrimination. *Id.*; *Ang v. Proctor Gamble Co.*, 932 F.2d 540, 548 (6th Cir. 1991). Pretext may be established by any of the following: (1) the stated reasons had no basis in fact; (2) the stated reasons were not the actual reasons; or (3) the stated reasons were insufficient to explain the employer's actions. *Wheeler v. McKinley Enters*, 937 F.2d 1158, 1162 (6th Cir. 1991). The burden of persuasion always rests with the plaintiff. *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 511 (1993).

Even if the Court found that Plaintiff established a prima facie case, Plaintiff has not shown that Defendants' reason for terminating his employment was merely pretext for discrimination. Plaintiff argues that the investigation was incomplete because Defendants did not interview Eugene Evans. He further contends that Defendants did not consider that the message was sent by someone else. Defendants "can overcome Plaintiff's claim of pretext if it is 'able to establish its reasonable

reliance on particularized facts that were before it at the time the decision was made." *Romans v. Mich. Dept. of Human Servs.*, 668 F.3d 826, 839 (6th Cir. 2012) (quoting *Wright v. Murray Guard Inc.*, 455 F.3d 702, 707–08 (6th Cir. 2006)). The Court must determine "whether the employer made a reasonably informed and considered decision before taking an adverse employment action." *Id.* A reasonable jury could infer that Defendants reasonably relied on the facts before it. Plaintiff has not presented any evidence that would raise a genuine issue of material fact as to Defendants' reliance on the facts they knew at that time. Defendants had statements from Webb and Kowalczyk and interviewed Plaintiff. During the interview, Plaintiff showed Vinita Evans and Duff the message at issue. Plaintiff testified during his deposition that Duff and Vinita Evans identified the message as the one at issue. Plaintiff admitted to regularly sending Eugene Evans messages that were of a joking nature. Defendants' investigation need not be ironclad. *See Romans*, 668 F.3d at 839 ("Defendant need not prove all of the statements in the Summary of Investigation were correct, but rather that it made its decision to terminate Plaintiff 'based on an honestly held belief in a nondiscriminatory reason supported by particularized facts after a reasonably thorough investigation.'") (quoting *Wright*, 455 F.3d at 408). Even if Plaintiff had presented sufficient evidence for a prima facie case, Plaintiff has not shown that there is a genuine issue of material fact that Defendants' reason for

terminating Plaintiff's employment was a cover for pretext.

In sum, Plaintiff has not provided direct evidence of discrimination nor established a prima facie case of race discrimination. Even if the Court were to find that Plaintiff has made out a prima facie case, Plaintiff has not shown there is a genuine issue of material fact that Defendants' reason was nothing more than pretext. Defendants are entitled to dismissal of the claim against them.

## V. CONCLUSION

Accordingly,

IT IS ORDERED that Defendants' Motion for Summary Judgment [Docket No. 18, filed December 21, 2012] is GRANTED.

IT IS SO ORDERED.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: July 31, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 31, 2013, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager